IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ACUITY, A MUTUAL INSURANCE          )
COMPANY,                            )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          Case No. 13-2353-JWL
                                    )
JEFF BRETSNYDER, d/b/a HARDWOOD     )
FLOOR REFINISHING COMPANY;          )
JENNIFER GOODMAN; and               )
DAN GOODMAN,                        )
                                    )
                Defendants.         )
                                    )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss or stay filed by

defendant Jeff Bretsnyder (Doc. # 10), and the motion to dismiss filed by defendants

Jennifer and Dan Goodman (Doc. # 11).  For the reasons set forth below, the Court

**denies** both motions.


## I.      The Allegations in the Complaint

Plaintiff Acuity, A Mutual Insurance Company ("Acuity") has brought the present

declaratory judgment action against defendants Jeff Bretsnyder, Jennifer Goodman, and

Dan Goodman.  Acuity alleges that it issued an insurance policy to Mr. Bretsnyder, who

seeks coverage under the policy relating to a lawsuit filed against him in Kansas state

court by Jennifer and Dan Goodman.

According to the state court petition, which Acuity has incorporated by reference into its complaint, the Goodmans allege that they engaged Mr. Bretsnyder to do floor refinishing work at their home; that on August 30, 2012, while taking a "smoke break", Mr. Bretsnyder disposed of a cigarette in the area of the Goodmans' porch; that a short time later, a fire ignited while Mr. Bretsnyder was visiting a convenience store; and that the fire was caused by the cigarette and Mr. Bretsnyder's careless smoking. The Goodmans have asserted a claim of negligence against Mr. Bretsnyder, and they seek damages in excess of $400,000 relating to the fire.

In its complaint in this Court, Acuity alleges that, according to the policy (which it attached and incorporated by reference into the complaint), it provided liability coverage to Mr. Bretsnyder as an individual for "conduct of a business" owned by Mr. Bretsnyder, namely, Hardwood Floor Refinishing Co., a business with the classification description of "carpentry-interior". Acuity further alleges that Mr. Bretsnyder's actions in allegedly causing the fire at the Goodmans were not covered under the policy because he was not acting with respect to the conduct of the covered business, for three specific reasons: (a) his actions in taking a smoking break and traveling to a convenience store were not related to his business; (b) he was not performing hardwood floor or carpentry work, but was instead performing epoxy chip work; and (c) he was not conducting the business because he was performing the work for no compensation as a family favor for the Goodmans, his sister and brother-in-law. Acuity thus seeks a declaratory judgment

to the effect that the Goodmans' claim against Mr. Bretsnyder is not covered under the policy and that Acuity has no obligation to defend or to indemnify Mr. Bretsnyder for that claim.

## II.    Defendant Bretsnyder's Motion to Dismiss or Stay (Doc. # 10)

Mr. Bretsnyder moves for dismissal of Acuity's complaint or, alternatively, for a stay pending the outcome of the Goodmans' state-court action against him.  The Court addresses his arguments in turn.

A.    Mr. Bretsnyder first seeks dismissal for failure to state a claim.[1]  The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453

---

[1]Mr. Bretsnyder asserts this argument pursuant to K.S.A. § 60-212(b)(6), but Kansas's Rules of Civil Procedure do not apply in this Court.  The Court therefore considers this argument pursuant to Fed. R. Civ. P. 12(b)(6).

F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In support of this argument, Mr. Bretsnyder states only that his actions were covered by the insurance policy and that Acuity's allegations are insufficient as a matter of law to state a claim. He has not elaborated on that argument, however, or cited authority, or even attempted to address the particular reasons given by Acuity in the complaint supporting its assertion of non-coverage. Nor has Mr. Bretsnyder explained how Acuity's allegations are insufficient. Accordingly, the Court rejects this basis for dismissal.

B. Mr. Bretsnyder argues that the Court should exercise its discretion to decline to entertain this declaratory judgment action. The Tenth Circuit has set forth the following factors that the trial court should consider in deciding whether to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

4

*See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (brackets in original, internal quotations omitted).

Mr. Bretsnyder argues that this action would not settle the controversy or clarify the contractual relations of the parties (the first two *Mhoon* factors), but he does not explain those conclusory assertions. He also argues that the ongoing state-court action is "better situated to determine the insurer's coverage obligations," that this action raises issues of Kansas law that "can be fully and more economically resolved" in the state-court action, and that Acuity would suffer no prejudice from a dismissal because an action is already pending in state court.[2]

The Court rejects this argument. Most significantly, the Goodmans' state-court petition did not include Acuity as a party, and Mr. Bretsnyder has not shown that Acuity has been made a party to that suit or otherwise explained how the coverage issue would or could arise in the state-court action. Thus, this case does not present a situation in which the same issue is being litigated in multiple courts.[3] For that reason, the final three

---

[2]Mr. Bretsnyder also argues that jurisdiction and venue are not proper in this Court based on these arguments, but he has not explained why such facts, even if true, would deprive the Court of its ability to hear this action. Mr. Bretsnyder has not disputed Acuity's allegation that he has sought coverage under the policy; therefore, a case or controversy exists, and the Court may hear the action. The Court therefore rejects the lack of jurisdiction or venue as a basis for dismissal.

[3]*Mid-Continent Casualty Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012), cited by Mr. Bretsnyder, in which the Tenth Circuit upheld the district court's discretionary decision to decline to hear a declaratory judgment action, is distinguishable on that basis.

*Mhoon* factors do not weigh in favor of dismissal. Moreover, this case would resolve the issue of Acuity's duties to Mr. Bretsnyder under its policy and thus would settle any controversy between those parties relating to coverage. Finally, in light of the pending state-court action, the requested declaration would be useful in clarifying the legal relations between Acuity and Mr. Bretsnyder, particular with respect to Acuity's duty to defend Mr. Bretsnyder in the state-court action. For these reasons and based on a consideration of the applicable *Mhoon* factors, the Court will not decline to hear this declaratory judgment action.

C. In the alternative, Mr. Bretsnyder requests a stay of this action pending the outcome of the state-court action, but he has not explained why a stay is warranted. Accordingly, the Court also rejects the stay request, and Mr. Bretsnyder's motion is denied in its entirety.

### III. Goodman Defendants' Motion to Dismiss (Doc. # 11)

Defendants Jennifer and Dan Goodman move to dismiss Acuity's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), based on their argument that Acuity has not alleged facts that state a plausible claim under Kansas law that it has no duty to defend or to indemnify Mr. Bretsnyder under the insurance policy. The Court rejects this argument.

First, the Court concludes that Acuity has pleaded sufficient facts to support its claim. Contrary to the Goodmans' suggestion, the complaint is not based solely on

conclusory statements of non-coverage. Rather, Acuity has set forth the applicable policy language and alleged three specific, fact-based reasons why Mr. Bretsnyder is not a covered insured for purposes of the Goodmans' claim against him. Thus, Acuity's complaint contains sufficient allegations of fact.

Second, the Goodmans have not explained why Acuity's claim fails as a matter of law. The Goodmans state that Acuity has admitted in its complaint that its policy covered carpentry work by Mr. Bretsnyder, and they argue that there is coverage here because they have alleged in their state court petition that Mr. Bretsnyder was performing floor refinishing work, which would fall with the meaning of "carpentry" as a matter of law. Acuity has alleged in its complaint, however, that Mr. Bretsnyder was *not* performing carpentry work prior to the fire because he was performing epoxy chip work. That allegation must be accepted as true at this stage, and the Goodmans have not offered any argument why epoxy chip work would fall within the scope of the policy.

Moreover, Acuity has alleged two other reasons for non-coverage here. Acuity addresses those reasons as follows:

> Contrary to Acuity's self-serving conclusions (which the Court should disregard), doing business with a family member does not preclude coverage and neither does smoking a cigarette. It cannot be seriously contested that a worker negligently smoking on a job site (regardless of a familial relationship between the worker and the customer) is a covered loss under this business liability insurance policy.

As noted above, Acuity has not merely relied on conclusory allegations, but has alleged specific facts supporting its claim of non-coverage on multiple bases. Moreover, in

arguing for coverage as a matter of law, the Goodmans have not addressed the particular language of the policy, offered any legal analysis, or cited to any authority, controlling or otherwise, and the Court is not prepared merely to accept their unsupported pronouncement that coverage must exist under the facts as alleged in the complaint. The Goodmans must do more to show to that Acuity cannot prevail as a matter of law at this stage.

Finally, the Goodmans cite Kansas law to the effect that insurance policy exclusions must be clear to be given effect. Acuity has not relied on an exclusion here, however, as it claims that Mr. Bretsnyder is not a covered insured under the policy for purpose of the Goodmans' claim against him. The Goodmans have not explained why any particular term of the policy is ambiguous or unclear.

Accordingly, the Court denies the Goodmans' motion to dismiss.[4]


IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss or stay filed by defendant Jeff Bretsnyder (Doc. # 10) is hereby **denied**.


IT IS FURTHER ORDERED BY THE COURT THAT the motion to dismiss filed by defendants Jennifer and Dan Goodman (Doc. # 11) is hereby **denied**.

---

[4]In light of this ruling, the Court need not address Acuity's argument that the Goodmans do not have standing to assert arguments relating to Acuity's duty to defend Mr. Bretsnyder.

8

IT IS SO ORDERED.

Dated this 3rd day of December, 2013, in Kansas City, Kansas.

w/ John W. Lungstrum
John W. Lungstrum
United States District Judge